UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**BRIAN BRENNAN and SUZANNE BRENNAN**,

                               Plaintiffs,

                    -against-

**THE CITY OF NEW YORK, CORRECTION
OFFICER DARIUS McLEAN (Shield 15323),
and JOHN & JANE DOES 1-10**,

                               Defendants.
------------------------------------------------------------------------X

07 CV 11197 (RJS)
ECF CASE

**FIRST AMENDED
COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiffs **BRIAN BRENNAN and SUZANNE BRENNAN**, by their attorney, Joel Berger, Esq., for their complaint allege, upon information and belief, as follows:

### *NATURE OF THE ACTION*

      1.      This is an action to recover money damages arising out of defendants' violation of plaintiff Brian Brennan's rights under the Constitution and laws of the United States and the State of New York, including deliberate indifference to an assault upon plaintiff Brian Brennan by other inmates that resulted in severe lacerations to his penis by a razorblade or other sharpened jailhouse weapon (19 stitches required), and other injuries, and for plaintiff Suzanne Brennan's loss of Brian Brennan's consortium, services, society and companionship.

### *JURISDICTION AND VENUE*

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the Constitution of the United States.

      3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367. Suzanne Brennan's loss of consortium state law pendent claim is properly before this Court under the doctrine of pendent party jurisdiction. 28 U.S.C. § 1367 (a), last sentence, added by Pub. L. 101-650 (1990).

6. On June 29, 2007, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events up which the claims are based.

## *JURY DEMAND*

9. Plaintiffs demands trial by jury in this action.

## *PARTIES*

10. Plaintiff **BRIAN BRENNAN** and his wife, **SUZANNE BRENNAN**, are citizens of the United States and residents of the State of New York. On the date of the Incident herein Brian Brennan was incarcerated at the Anna M. Kross Center (AMKC) of the New York City Department of Correction (DOC) on Rikers Island (#███████), awaiting a hearing on an alleged parole violation arising out of a family dispute involving his brother and father. The allegation of parole violation was subsequently dismissed and he was freed.

11. Defendant City of New York is a municipal corporation organized under the laws of

the State of New York. It operates DOC, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individual defendants herein. It also operates the NYC Department of Health & Mental Hygiene (DOH), a department or agency of the City of New York responsible, through a unit called Prison Health Services (PHS), for ensuring that adequate medical care is delivered to inmates of DOC facilities.

12. At all times relevant herein, defendant Correction Officer Darius McLean (Shield 15323) and all of the John and Jane Doe defendants were acting as agents, servants and employees of defendant City of New York.

13. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

14. On May 13, 2007, Mother's Day, plaintiff **BRIAN BRENNAN** was incarcerated in the care and custody of DOC at the AMKC, 18-18 Hazen Street, East Elmhurst, NY 11370, in the 1 Upper Dormitory, awaiting a parole revocation hearing.

15. At approximately 2:25 P.M. on that date, Mr. Brennan was viciously assaulted by inmate Key Duval (#         ), and immediately thereafter by approximately 3-4 other inmates who joined with Duval in assaulting Mr. Brennan.

16. Duval and the other assailants were all African-American and believed to be members of a gang known as the "Bloods." Mr. Brennan is Caucasian and is not a member of any gang.

17. A Correction Officer, defendant Darius McLean, witnessed the assault.

18. CO McLean is African-American.

19. CO McLean has submitted a report admitting that he witnessed the incident.

20. CO McLean stood idly by during the entire incident, and did nothing whatsoever to prevent it or to protect Mr. Brennan by intervening to stop it or by summoning assistance.

21. At least one other Correction Officer assigned to the area of the assault, also African-American, also took no action whatsoever to prevent the assault or to protect Mr. Brennan by intervening to stop it or by summoning assistance.

22. The incident did not come to an end until after Mr. Brennan had been slashed in the groin, at the base of his penis, with a razor blade or sharpened jailhouse weapon.

23. By then the incident had lasted several minutes, during which CO McLean and the other officer or officers had more than sufficient time to intervene or, at the very minimum, to summon assistance. Instead, CO McLean and the other officer or officers displayed a shocking degree of deliberate indifference, standing idly by and allowing the assault upon Mr. Brennan to continue.

24. Not until approximately one-half hour after the slashing did a captain come to the housing unit and escort Mr. Brennan to the AMKC clinic. The clinic subsequently sent him to the Rikers Island "Urgicare" facility.

25. At the Urgicare facility it took 19 stitches to close up the wounds to Mr. Brennan's penis – some on the base, some on the sides, some on the underside and some on the head.

26. To this day the wounds to Mr. Brennan's penis have not healed, and he continues to suffer infections.

27. To this day, Mr. Brennan suffers severe pain when ejaculating.

28. Mr. Brennan's has suffered nerve damage that will permanently affect his sexual functioning.

29.     Mr. Brennan, age 43, has been married to Suzanne Brennan, age 30, for 3 years and hopes to have children with her, but fulfillment of that hope is now highly doubtful.

30.     Mr. Brennan's sexual dysfunction has deprived his wife, plaintiff Suzanne Brennan, of his consortium, services, society and companionship.

31.     Mr. Brennan's assailants, in addition to inflicting slash wounds upon his penis, also inflicted multiple bruises and contusions to his face, legs and arms, and bloodied plaintiff's nose.

32.     After being seen at the AMKC clinic and Urgicare facility where the lacerations to his penis were sutured, Mr. Brennan was left in a crowded, filthy receiving room pen for three days. The unsanitary conditions in the receiving room pen either caused or contributed to infections to the lacerations on his penis.

33.     The stitches were removed prematurely, another factor that caused or contributed to infections.

34.     Among the John and Jane Doe defendants herein are employees of DOC and PHS who displayed deliberate indifference to Mr. Brennan's medical condition, denying adequate medical care and exacerbating his injuries.

35.     Duval and the other inmates who assaulted Mr. Brennan were never charged with any disciplinary infraction or subjected to any institutional punishment.

36.     No referral was made to the Bronx District Attorney's office for the prosecution of Duval or any of the other inmates who assaulted Mr. Brennan.

37.     Instead of subjecting Mr. Brennan's assailants to institutional discipline or referring the matter for criminal prosecution, defendants merely transferred Mr. Brennan to another facility on Rikers Island.

### FIRST CLAIM FOR RELIEF

38. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37.

39. Defendants, by subjecting plaintiff Brian Brennan to the acts and omissions alleged in ¶ 1-36, violated his rights guaranteed by 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6 and 11 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

40. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37 and 39.

41. Upon information and belief, the acts complained of herein are a direct and proximate result of the failure of the City of New York, DOC, and PHS properly to select, train, supervise, promote and discipline correction officers and other City employees.

42. Upon information and belief, the failure of the City of New York, DOC, and PHS properly to select, train, supervise, promote and discipline correction officers and other City employees correction constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

43. The official policies, practices and customs of the City of New York, alleged in ¶¶ 1-37, 39 and 41-42 violated plaintiff Brian Brennan's rights guaranteed by 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6 and 11 the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

44. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37, 39, and 41-43.

45. The acts and omissions of defendants alleged herein constituted gross employee

negligence, and malicious infliction of severe physical, mental and emotional distress

46. The conduct toward plaintiff alleged herein subjected plaintiff Brian Brennan to severe physical injury, trauma, shock, debasement, fright, fear, humiliation, embarrassment, psychological and emotional trauma, and physical and emotional pain and suffering.

### FOURTH CLAIM FOR RELIEF

47. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37, 39, 41-43 and 45-46.

48. The acts and omissions of defendants alleged herein have deprived plaintiff Suzanne Brennan of the consortium, services, society and companionship of her husband, Brian Brennan, thereby subjecting her to severe debasement, fright, fear, humiliation, embarrassment, psychological and emotional trauma, and emotional and physical pain and suffering.

### FIFTH CLAIM FOR RELIEF

49. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37, 39, 41-43, 45-46 and 48.

50. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6 and 11 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    (d)    Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
           January 17, 2008

                                                /s/ Joel Berger
                                                **JOEL BERGER (JB-3269)**
                                                360 Lexington Avenue, 16th Fl.
                                                New York, NY 10017-6502
                                                (212) 687-4911

                                                **ATTORNEY FOR PLAINTIFFS**

**TO:  SUZETTE CORINNE RIVERA (SR-4272)**
      Assistant Corporation Counsel
      Special Federal Litigation Division
      100 Church Street
       New York, NY 10007-2601
      (212) 788-9567

      **ATTORNEY FOR DEFENDANTS**

## **DECLARATION OF SERVICE**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK )

     **JOEL BERGER** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

     1.  I am the attorney for the plaintiffs in the above-captioned action.  I was admitted to practice before the courts of the State of New York on December 23, 1968, and before the United States District Court for the Southern District of New York on April 23, 1970.

     2.  On January 17, 2008, I served the within **FIRST AMENDED COMPLAINT** upon Suzette Corinne Rivera, Esq., Assistant Corporation Counsel, attorney for defendants, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed as follows: Suzette Corrine Rivera, Esq., Assistant Corporation Counsel, Special Federal Litigation Division, 100 Church Street, New York, NY 10007-2601.

Dated:  New York, New York
        January 17, 2008

                                        /s/ Joel Berger
                                   **JOEL BERGER**