UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN BRENNAN AND SUZANNE BRENNAN,

                                              Plaintiffs,

-against-

THE CITY OF NEW YORK, CORRECTION OFFICER
DARIUS MCLEAN (Shield 15323) and JOHN & JANE
DOES 1-10,

                                              Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND CORRECTION OFFICER DARIUS MCLEAN**

07 CV 11197 (RJS)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York and Correction Officer Darius McLean, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint ("complaint"), respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiffs purport to bring this action as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiffs purport that venue is proper.

5. Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that plaintiffs purport to invoke the pendant or supplemental jurisdiction of this Court as stated therein

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that what purports to be a Notice of Claim was received by the Comptroller's Office on or about June 29, 2007, and admit that matter has not yet been settled

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that the matter has not yet been settled.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that the amended complaint was filed on or about January 17, 2008.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that plaintiffs purport to demand a trial by jury.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that the City of New York is a municipal corporation and it maintains a Department of Correction and a Department of Health and Mental Hygiene.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that Darius McLean is employed by the Department of Correction and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding John and Jane Doe defendants.

- 3 -

13. The allegations set forth in paragraph "13" of the amended complaint constitute legal conclusions rather than averments of fact, to which no response is required. To the extent a response is required, defendants deny the allegations.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that plaintiff was in the custody of the Department of Correction on May 13, 2007.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Admit the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint, except admit that Correction Officer McLean submitted a report stating he witnessed a fight between plaintiff Brian Brennan and one other inmate.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. In response to the allegations set forth in paragraph "38" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. Deny the allegations set forth in paragraph "44" of the amended complaint.

- 6 -

44. In response to the allegations set forth in paragraph "44" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. In response to the allegations set forth in paragraph "47" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. In response to the allegations set forth in paragraph "49" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. Punitive damages cannot be awarded against the City of New York

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. Plaintiff did not satisfy all the conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Correction Officer Darius McLean did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58. This action may be barred, in whole or in part, by the applicable statute of limitations period.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the incident, the duties and functions of the municipal defendants officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

60. Plaintiff provoked any incident.

**WHEREFORE**, defendants City of New York and Correction Officer Darius McLean request judgment dismissing the amended complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 5, 2008

    MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York and
Correction Officer Darius McLean
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-9567

By: _____
Suzette Corinne Rivera
Assistant Corporation Counsel
Special Federal Litigation Division

TO: Joel Berger, Esq. (By ECF)
    Attorney for Plaintiffs

Index No. 07 CV 11197 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN BRENNAN AND SUZANNE BRENNAN,

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, CORRECTION OFFICER DARIUS MCLEAN (Shield 15323) and JOHN & JANE DOES 1-10,

                        Defendants.

**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK and CORRECTION OFFICER DARIUS MCLEAN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and CO Darius McLean*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Suzette C. Rivera*
*Tel: (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 200......*

*............................................................................... Esq.*

*Attorney for..............................................................*